UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABBVIE INC., | CASE NO. 2:25-cv-00510-TL |
| Plaintiff, | MINUTE ORDER |
| v. | |
| GENMAB A/S et al., | |
| Defendants. | |

The following Minute Order is made at the direction of the Court, the Honorable Tana Lin, United States District Judge:

(1) On November 19, 2025, Plaintiff AbbVie Inc. submitted a Notice of Pendency of Other Action in Another Jurisdiction or Forum pursuant to Local Civil Rule 3(h), informing the Court of a complaint it filed in U.S. International Trade Commission ("ITC") Investigation No. 337-TA-3856 against Defendants ProfoundBio US Co., ProfoundBio Co. Ltd., and Genmab A/S and involving the accused product that is the subject of this case. *See* Dkt. No. 49.

MINUTE ORDER – 1

(2) Under 28 U.S.C. § 1659:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within . . . 30 days after the party is named as a respondent in the proceeding before the Commission . . . .

(3) The time for Genmab or ProfoundBio[1] to request a stay pursuant to 28 U.S.C. § 1659(a) appears to have passed. However, "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases," including by staying proceedings. *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases). As Plaintiff notes, "the ITC complaint involves overlapping parties (i.e., AbbVie Inc., ProfoundBio US Co., ProfoundBio (Suzhou) Co. Ltd., Genmab A/S), issues (e.g., ProfoundBio's and Genmab's misappropriation of AbbVie's ADC-related trade secrets), and accused products (Rina-S)," and "[d]istrict court cases are often stayed during the pendency of ITC cases involving overlapping claims." Dkt. No. 49 at 2.

(4) Accordingly, the Parties are directed to file, within **fourteen (14) days**, a joint statement informing the Court of their joint or respective positions on:

  (a) Whether this action should be stayed pending the outcome of the ITC proceeding; and

---

[1] The Court adopts the naming convention employed by Defendants to refer collectively to the Defendant companies. *See* Dkt. No. 35 at 8.

(b) What effect, if any, the pendency of the ITC proceeding has on the Court's consideration of Defendants' pending Motion to Dismiss (Dkt. No. 35) and Motion to Stay Discovery (Dkt. No. 46).

Dated this 16th day of January, 2026.

Joshua C. Lewis
Clerk of the Court

s/ Kadya Peter
Deputy Clerk

MINUTE ORDER – 3